1

2

3                      UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5

6

7    GMAC MORTGAGE, LLC,

8              Plaintiff,                    No. C 11-1894 PJH

9         v.                                **ORDER GRANTING MOTION
                                            TO REMAND**
10   FRANKLIN ROSARIO,

11             Defendant.

12   _____/

13        Before the court is the motion of plaintiff GMAC Mortgage LLC ("GMAC") for an

14   order remanding the above-entitled action to the Superior Court of California, County of

15   San Mateo.  The court finds that the motion must be GRANTED.

16        A defendant may remove a civil action filed in state court if the action could have

17   originally been filed in federal court.  28 U.S.C. § 1441.  A plaintiff may seek to have a case

18   remanded to the state court from which it was removed if the district court lacks jurisdiction

19   or if there is a defect in the removal procedure.  28 U.S.C. § 1447(c).  The removal statutes

20   are construed restrictively, so as to limit removal jurisdiction.   Shamrock Oil & Gas Corp. v.

21   Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co.,

22   319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of

23   remanding case to state court).

24        Subject matter jurisdiction is fundamental and cannot be waived.  Billingsly v. C.I.R.,

25   868 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which

26   the Constitution and Congress authorize them to adjudicate – those involving diversity of

27   citizenship or a federal question, or those to which the United States is a party.

28   See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The burden

United States District Court
For the Northern District of California

1   of establishing federal jurisdiction for purposes of removal is on the party seeking removal.

2   Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  The district court must

3   remand the case if it appears before final judgment that the court lacks subject matter

4   jurisdiction.  28 U.S.C. § 1447(c).

5       The complaint at issue, which was filed in San Mateo County Superior Court on

6   September 30, 2009, alleges a single cause of action under state law, for unlawful detainer

7   following a non-judicial foreclosure sale in May 2009.  The complaint further alleges that on

8   June 30, 2009, after GMAC's title was perfected, it served a "Notice to Quit" on defendant,

9   requiring him to quit and deliver up possession of the premises to GMAC.  However,

10  defendant remained in possession of the premises without GMAC's permission.

11      The caption of the complaint states, "Demand is less than $10,000.00."  In the

12  prayer for relief, Provident seeks "[r]estitution and possession of the Premises," and

13  "damages at the rate of $90.00 or more per day upon proof at trial from September 29,

14  2009 until date of judgment."  On April 19, 2011, the San Mateo Superior Court entered

15  judgment in favor of GMAC.  The judgment notes that defendant "failed to appear."

16      Also on April 19, 2011, defendant filed a notice of removal, asserting federal

17  question jurisdiction.  Defendant alleges that federal question jurisdiction exists because his

18  "demurrer, a pleading, depend[s] on the determination of [d]efendants' rights and [p]laintiff's

19  duties under federal law."

20      In the present motion, GMAC argues that removal was untimely, and that defendant

21  has not met his burden of establishing that this court has federal question jurisdiction.

22  GMAC also asserts that the notice of removal was filed for an improper purpose (to avoid a

23  lawful eviction) and that defendant cannot effect a removal of the case because the

24  judgment was already entered by the state court.

25      Under 28 U.S.C. § 1447(c), the district court is required to remand state law claims

26  where the court lacks removal jurisdiction – that is, where there is no federal question or

27  diversity jurisdiction.  Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936

28  (9th Cir. 2003).  Federal courts have no power to consider claims for which they lack

subject-matter jurisdiction.  See Chen-Cheng Wang ex rel. United States v. FMC Corp.,

975 F.2d 1412, 1415 (9th Cir. 1992).

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks

only to the face of the complaint.  See Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir.

1998); see also Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 692-93 (9th Cir. 2005).

Here, the court finds no federal question pled in the unlawful detainer action.  Nor does the

amount in controversy pled in the unlawful detainer action exceed $75,000.  Accordingly,

as the court lacks subject matter jurisdiction, it is ORDERED that this case be remanded to

the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated:  May 6, 2011

_____

PHYLLIS J. HAMILTON
United States District Judge